In this policy of insurance against fire was an exception in the following words: "This company will be liable for losses on property burnt by lightning, but not for any loss or damage by fire happening by means of any invasion, insurrection, riot or civil commotion, or of any military or usurped power, nor forany loss occasioned by the explosion of a steam boiler, or explosions arising from any other cause, unless specially specified in this policy." It is a question of law whether the facts of the case, which are undisputed, are covered by this exception of the policy.
The policy must be so construed, if practicable, as to give effect to all its parts and make them severally consistent with each other. The insurance being against damage by fire alone, the exception of loss occasioned by the explosion of a steam boiler would be needless and entirely inappropriate to the subject of the contract, unless it had some reference to damage done by fire. I think this clause was inserted with reference to the agency of fire, not in burning after the explosion, but in causing the explosion itself. All explosions of steam boilers are referible to the action of fire. Without fire, there could be no steam and no explosion; and I think it was to save all doubt as to the question whether the destruction consequent upon an explosion was caused by fire, that the exception was inserted. That doubt may have been suggested by Waters v. The Merchants'Louis. Ins. Co., (11 Peters, 213,) and Millandon v. TheN.O. Ins. Co., (4 Lou'a R. 15.) The insured premises, having on them a steam engine and boiler, were much more exposed to injury than they would have been without them; but by making an exception, which threw upon the insured the risk of injury from explosion, the premises could be insured at the same premium as other premises on which there were no engine and boiler. The ordinary risk was thus cast upon the insurer, the extraordinary risk upon the insured. I do not think the parties to the contract had in view, at the time it was made, any other fire than that which, by its heat, caused the explosion.
But they provided, in express terms, that the insurers should *Page 525 
not be liable for any loss occasioned by the explosion of a steam boiler. This is a full and complete protection against loss of every description which might be occasioned by such explosion. Such explosion might occasion loss in different ways. It did so in this case; and because fire happened to be one of the means of destruction, it does not take that portion of the loss out of the exception and bring it within the general terms of the policy. The burning was as much a consequence of the explosion as the breaking and destruction from expansion. All were "occasioned" by the explosion. The explosion was caused by fire, but, with all its immediate consequences, it was excepted from the operation of the policy. The injury by fire is plainly within the exception, as the injury would have been, if the property had been destroyed by water in consequence of the breaking of the water-pipes by the explosion.
As to the extent to which consequential damage may be traced and charged to the moving cause, I suppose the same rule applies to the exception as to the policy itself. In an action on the policy for loss by fire, the insured would be indemnified not only for goods actually burned, but also for those wet and soiled, for furniture cracked and warped, and under some circumstances, for goods stolen and lost by the removal of goods. The construction I have put on the extent of the exception is certainly not broader. The fire was an immediate consequence of the explosion; and the loss of property by fire, as well as by breaking and displacement, was clearly occasioned by it.
The plaintiff could not recover for any damage caused by the explosion; and I think he had no more claim for that done by burning, than for that portion broken and crushed by the concussion. The judgment of the superior court should be affirmed.
RUGGLES and EDWARDS, JS., were in favor of affirming the judgment.
SELDEN, J., did not hear the argument, and took no part in the decision. *Page 526